# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| HOWARD DWIGHT WOODHAM, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:06-CV-69(CDL) |
| | * | 28 U.S.C. § 2254 |
| WENDY SQUIRES, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On January 8, 1993, Petitioner Woodham, who is currently serving his sentence in the Rivers State Prison in Hardwick, Georgia, was convicted of malice murder and was sentenced to serve life in prison. The Petitioner thereafter filed a direct appeal to the Georgia Supreme Court wherein the Court affirmed his convictions on November 24, 1993. *See, Woodham v. State*, 439 S.E.2d 471 (1993). On August 12, 2002, the Petitioner filed a state habeas corpus petition in the Baldwin County Superior Court which was denied on December 11, 2003. (Respondent's Exhibits 1,3). Petitioner thereafter filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on February 21, 2005. On June 23, 3006, Petitioner filed the current application for federal habeas relief. The Respondent thereafter filed her Answer and Motion to Dismiss on December 12, 2006.

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas

petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has

2

> expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). In calculating the one-year statute of limitations for filing a § 2254 petition, a state prisoner's conviction does not become final until the expiration of the 90 days in which the prisoner *could have petitioned* the United States Supreme Court for *certiorari* on direct appeal. *Bond v. Moore,* 309 F.3d, 770, 773 (11th Cir. 2002). Therefore, Petitioner's judgment of conviction became final on February 23, 1994, which was 90 days after November 24, 1993, the day the Georgia Supreme Court affirmed his conviction and sentence.

February 23, 1994, however, precedes the effective date of the enactment of the AEDPA statute of limitations as it applies to § 2254 applications for federal writ of habeas corpus. The Eleventh Circuit Court of Appeals recognized this problem as to all prisoners whose convictions had become final prior to the effective date of the AEDPA. In *Wilcox v. Florida Dept. of Corrections*, 158 F. 3d 1209 (11th Cir 1998), it was held that state prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, must be given a reasonable time after the enactment of the one-year period of limitation to file

their federal habeas actions, and "under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment. *Id*. at 1211. Petitioner's window of opportunity to file a § 2254 application in this court, therefore, began on April 24, 1996 and expired on April 23, 1997, prior to the time he filed his state habeas petition. His state habeas petition in Baldwin County Superior Court filed on August 12, 2002, therefore followed the expiration of the AEDPA statute of limitations by more than five years.

The Eleventh Circuit Court of Appeals has held that "[a] state court petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000); *see Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment of robbery conviction became final, did not toll the one year limitation of the AEDPA, and such limitation did not violate the *Suspension Clause*.)

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 30th day of January 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE